IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        CR No. 14-4181 KG

ROBERT G. ZITTERMAN,

    Defendant.

**ORDER DENYING MOTION FOR NEW TRIAL**

On November 12, 2014, after a non-jury trial, Defendant Robert Zitterman was found guilty of three violations committed in the Lincoln National Forest on April 14 and 15, 2014: leaving a fire without extinguishing it, maintaining a camp fire, and occupying federal land. Zitterman has filed a document that the Court has construed as a motion for new trial, and that motion has been referred to me for resolution. (Doc. 4.) For the reasons that follow, Zitterman's motion will be denied.

Rule 33 authorizes trial courts to "vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Because Zitterman is pro se, I will liberally construe his pleadings, but I cannot supply additional factual allegations or construct a legal theory on his behalf, and I cannot act as an advocate for him. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1990).

Zitterman appears to make three separate allegations in his motion. First, he claims that he has "more information" about what happened, and that he will need to subpoena three witnesses to verify that he had permission to camp in the forest while working as a volunteer.

Second, he states that Peg Crom can affirm that he reported a culvert being blocked under Highway 82 causing a flood condition. Third, he claims that Officer Tester, who testified about the leaving a fire without extinguishing it and maintaining a camp fire violations, committed perjury on the witness stand. He does not further identify the witnesses who will testify that he had permission to camp in the forest or how Officer Tester committed perjury.

To prevail on a motion for new trial on newly discovered evidence, Zitterman must show: 1) the evidence was discovered after trial; 2) the failure to learn of the evidence was not caused by his own lack of diligence; 3) the new evidence is not merely impeaching; 4) the new evidence is material to the principal issues involved; and 5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal. *United States v. Herrera*, 481 F.3d 1266, 1270 (10th Cir. 2007). "A motion for new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution." *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998) (internal quotation marks omitted).

None of Zitterman's claims is sufficient to establish that he is entitled to a new trial based on newly discovered evidence. Zitterman obviously knew well before trial who he claims gave him permission to camp in the national forest; he did not "discover" the names of these witnesses after trial. Further, there was no dispute at trial that Zitterman was doing trail maintenance in the forest, and Peg Crom's proposed testimony that Zitterman reported a blocked culvert and flood condition is not material to the violations at issue. Finally, it is well settled that new evidence that is merely impeaching is not grounds to grant a motion for new trial. *Kitchen v. United States*, 227 F.3d 1014, 1023 (7th Cir. 2000); *Lewis v. United States*, 771 F.2d 454, 456-57 (10th Cir. 1985); *United States v. Brewer*, 630 F.2d 795, 802-03 (10th Cir. 1980).

Because Zitterman has failed to establish grounds for a new trial, his motion must be denied.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.